## JOSEPH IRWIN vs. F. J. PORTER.

This was an action of trespass brought to recover damages for an assault and battery.

The assault took place on Monday and the court allowed the defendant to present evidence of a provocation on the preceding Saturday ; and instructed the jury that they might take it into consideration in settling the question of damages.

The assault took place on Monday, and the defendant offered to give evidence of a provocation by the plaintiff on the preceding Saturday; that is, to show that the plaintiff had said in a public hotel in the presence of many persons, on Saturday evening, the defendant being absent, that Porter was a liar, blackguard and slanderer.   The plaintiff's counsel objected to the admission of this evidence, on the ground that it was not so recent and immediate as to induce a presumption, that the violence was committed under the immediate influence of the passion, thus wrongfully excited.   It was not so recent as to constitute a part of the *res gestœ.*

The court thought the circumstances offered in proof might be so recent as to constitute a part of the *res gestœ,* and admitted the evidence, remarking that the admission of such evidence was always a question for the sound discretion of the court.

CHIEF JUSTICE LEE in charging the jury remarked, that in settling the question of damages, the jury should take into consideration any circumstances of recent and immediate misconduct on the part of the plaintiff, in respect to the same transaction, tending to diminish the degree of injury inflicted.   Thus, if they were of opinion that Irwin had himself provoked the assault complained of by calling the defendant a liar, vagabond and slanderer, and that these acts and words were so recent as to lead them to believe that the injury was inflicted under the immediate influence of passion thus excited, the provocation might be considered in mitigation of damages.   The words afford no *justification* for the injury inflicted, and Porter must answer for it; but they may go in *extenuation* of it, and the question is, not so much whether the plaintiff shall have damages, as what amount he shall have.

The jury rendered a verdict in favor of the plaintiff for the sum of $12 50.

Mr. Montgomery for plaintiff.

Mr. Blair and Mr. Bowlin for defendant.